## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| REALM MANAGEMENT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-2167-K |
| | § | |
| ACCREDITED SPECIALTY | § | |
| INSURANCE COMPANY and | § | |
| CERTAIN UNDERWRITERS AT | § | |
| LLOYDS LONDON, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Realm Management, LLC's Motion to Enforce Appraisal Award and for Summary Judgment (the "Motion") (Doc. No. 35). Defendants Accredited Specialty Insurance Company and Certain Underwriters at Lloyds London filed a Response (Doc. No. 38), Brief in Support (Doc. No. 39), and Appendix (Doc. No. 40) (collectively, the "Response"). Thereafter, Plaintiff filed a Reply (Doc. No. 41).

"Summary judgment is required when 'the movant shows that there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade,* 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED.R.CIV.P. 56(a)); *cf. Rodriguez v. State Farm Lloyds,* 2017 WL 7000563, at *1 (S.D. Tex. Mar. 8, 2017) (finding that "Plaintiffs' motion to enforce appraisal award is properly construed as a motion for summary judgment because it requests the Court to consider evidence

beyond the pleadings.").  As the party with the burden of proof on its four claims, Plaintiff "must establish beyond peradventure all of the essential elements of the claim." *Eguchi v. Kelly*, Civ. Action No. 3:16-CV-1286-D, 2017 WL 2902667, at *1 (N.D. Tex. July 7, 2017)(Fitzwater, J.) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th 1986)); *see* Doc. No. 16 at 5-10 (asserting state law claims for bad faith, breach of contract, deceptive insurance practices, and "late payment of claims").  "This means that the moving party must demonstrate that there are no genuine and material fact disputes and that the moving party is entitled to summary judgment as a matter of law." *Id.* (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).  "[T]he 'beyond peradventure' standard is 'heavy.'" *Id.* (internal citations omitted).

The Court carefully considered the Motion, the Response, and the Reply, as well as the supporting appendices, the applicable law, and the relevant portions of the record.  Plaintiff fails to establish it is entitled to summary judgment as a matter of law. *See also Sec. Nat'l Ins. Co. v. Waloon Inv., Inc.*, 384 S.W.3d 901, 906-07 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("[T]he appraisal award by itself does not determine the merits of [the] claims or entitle Waloon to judgment on these claims."). First, Plaintiff does not reference or analyze the elements of any of its four claims, and certainly fails to submit summary judgment evidence proving "beyond peradventure" all of the essential elements of even one of these claims. *Eguchi*, 2017 WL 2902667,

at *1.  Plaintiff also fails to demonstrate by its summary judgment evidence that there is no genuine issue of material fact on any of its causes of action.  *See id.*

In short, none of the reasons advanced by Plaintiff in its Motion provide a legal basis for this Court to grant summary judgment in favor of Plaintiff on any of its causes of action.  *See also State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 889-90 (Tex. 2009) (affirming that the scope of appraisal awards is limited to damages, not liability). Accordingly, the Court **DENIES** Plaintiff's Motion to Enforce Appraisal Award and for Summary Judgment (the "Motion") (Doc. No. 35).

**SO ORDERED.**

Signed June 18th, 2025.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE